# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DAVID F. PETRANO and MARY
KATHERINE DAY-PETRANO,

                Plaintiffs,

v.                                               Case No:   6:15-cv-1046-Orl-41KRS

JORGE LABARGA, RICKY POLSTON,
BARBARA J. PARIENTE, R. FRED
LEWIS, PEGGY A. QUINCE, CHARLES
T. CANADY, JAMES E.C. PERRY,
SUPREME COURT OF FLORIDA,
EIGHTH JUDICIAL CIRCUIT OF
FLORIDA, THE FLORIDA BAR,
GEORGE RICHARD SINGELTARY,
JAMES K. FISHER, MARITZA
ARROYO, ROBERT P. GROEB,
TREVOR T. RHODES and CLAUDIA
ISOM,

                Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **APPLICATIONS TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. Nos. 2, 3)** |
| **FILED:** | **June 26, 2015.** |

## I.   PROCEDURAL HISTORY.

      Plaintiffs David F. Petrano and Mary Katherine Day-Petrano filed a complaint against

Justices of the Florida Supreme Court; the Florida Supreme Court; the Eighth Judicial Circuit of

Florida; the Florida Bar; George Richard Singletary, Referee Circuit Judge in his official and individual capacities; Maritza Arroyo and Robert P. Groeb in their official and individual capacities; Trevor T. Rhodes, in his individual capacity; and, Claudia Isom, in her official capacity.   Doc. No. 1.   Plaintiffs allege that each of them is a qualified individual with a disability as defined under the Americans with Disabilities Act ("ADA").   *Id.* at 2.   They allege that each of Justices of the Florida Supreme Court are public entities as defined by the ADA.   *Id.* at 3-4.   They allege that the Florida Supreme Court, the Eighth Judicial Circuit of Florida and the Florida Bar are also public entities as defined by the ADA.   *Id.* at 4-5.   They allege that each of the other individual defendants are also public entities as defined by the ADA.   *Id.* at 5-7.

In a rambling prolix complaint, Plaintiffs allege that all Defendants violated Title II of the ADA by failing to make reasonable accommodations for their disabilities.   *Id.* at 42-50.   They further allege that Defendants violated the ADA's prohibition of discrimination against a qualified individual with a disability.   *Id.* at 50-57.   They also allege that Defendants Rhodes, Arroyo, Groeb, Fisher and the Florida Supreme Court Justices retaliated against them in violation of the ADA.   *Id.* at 57-66.   They request declaratory and injunctive relief, damages and an award of fees, costs and litigation expenses.   *Id.* at 66-68.

Each Plaintiff filed a motion to proceed *in forma pauperis*.   Doc. Nos. 2, 3.

## II.   STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants — prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in

both categories.").   Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject-matter jurisdiction in a case.   *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)).   "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary."   *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. Feb. 1981).[1]   Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject-matter jurisdiction, even when a party has not challenged it.   *See, e.g.*, *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

## III.    BACKGROUND AND ALLEGATIONS OF THE COMPLAINT.

In his motion to proceed *in forma pauperis*, Mr. Petrano states that he is a suspended attorney.   Doc. No. 2, at 1.   He alleges that he was the subject of disciplinary proceedings initiated by the Florida Bar on or about May 9, 2013.   Doc. No. 1, at 16 ¶ 49, and 21 ¶ 54.   Mr. Petrano further alleges that Defendant Singeltary, a Circuit Court Judge, was appointed as the referee in the disciplinary proceedings.   *Id.* at 5 ¶ 16.   He alleges that Defendant Fisher was assigned to prosecute Mr. Petrano in the disciplinary proceedings.   *Id.* at 21 ¶ 55.[2]

---

[1]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all binding decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

[2]   They further allege that Defendant Isom, a Circuit Court Judge, was assigned to a case filed by Ms. Day-Petrano in which Ms. Day-Petrano is suing witnesses in the disciplinary proceeding for defamation and other intentional torts.   *Id.* at 7 ¶ 21, and 45 ¶ 123.   They allege that Defendant Isom denied Ms. Day-Petrano reasonable ADA accommodations.   *Id.* at 46 ¶ 124.   They allege generally that Defendant Eighth Judicial Circuit repeatedly discriminated against Plaintiffs and excluded them from cases by its failure to provide them reasonable accommodations under the ADA.   *Id.* at 47 ¶ 126.   They allege that Defendant Groeb, a Circuit Court Judge in the Eighth Judicial Circuit, dismissed a case filed by one of Mr. Petrano's clients without any hearing in violation of the ADA.   *Id.* at 48 ¶ 127.

Mr. Petrano alleges that the first time he was provided a notice of his rights under the ADA was in the middle of the disciplinary proceedings trial before the referee.   *Id.* at 16 ¶ 49. Plaintiffs allege that they requested reasonable accommodations under the ADA from Defendants Supreme Court of Florida and the Florida Bar and others as early as September 17, 2013.   *Id.* at 27-28 ¶ 73.   Plaintiffs both allege that Defendant Singeltary and Defendant Fisher intentionally denied Mr. Petrano and his witnesses, including Ms. Day-Petrano, reasonable accommodations under the ADA.   *Id.* at 16 ¶ 50.   Mr. Petrano alleges that the failure to provide him notice of his rights and failure to find him to be a qualified individual with a disability deprived him of due process of law.   *Id.* at 16-17 ¶ 51.   Plaintiffs further allege that Defendants Supreme Court of Florida and the Justices of the Supreme Court of Florida retaliated against them for requesting reasonable accommodations by holding him in contempt of Court and barring him from filing pleadings in the Supreme Court of Florida, including an appeal of the report and recommendation of the referee in the disciplinary proceedings.   *Id.* at 31-33 ¶¶ 88, 90-91.

Mr. Petrano alleges that he was suspended or disbarred from the practice of law based on his exercise of rights and encouraging others to exercise rights granted or protected under the ADA.   *Id.* at 18 ¶ 57.   He quotes portions of the Florida Bar disciplinary file which reflects that he made allegations of ADA violations in the disciplinary proceedings.   *Id.* at 18-20 ¶ 57(i), (j), (k), (l), (m).   Mr. Petrano alleges that Defendant Singeltary violated his rights by refusing to allow him to question witnesses regarding his and Ms. Day-Petrano's disabilities.   *Id.* at 23-24 ¶¶ 58-63.   Plaintiffs further allege that Defendant Florida Supreme Court Justices and Defendant Singeltary refused to allow Mr. Petrano to raise his federal ADA and constitutional claims in the disciplinary proceedings.   *Id.* at 30 ¶ 81.

## IV.     ANALYSIS.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Federal Rule of Civil Procedure 10(b) requires that each claim founded upon a separate transaction or occurrence shall be stated in a separate count.   Plaintiffs' complaint violates both of these rules.   It is a rambling, prolix document that includes allegations of misconduct by participants in the disciplinary referee trial, allegations of violation of the ADA generally by the Florida Supreme Court, the Eighth Judicial Circuit and Justices and Judges of those courts and other courts in Florida.   It contains scores of allegations regardless of their relevance and incorporates many of the allegations into several counts. It contains citations to case law and legal arguments.   It appears to join claims asserted separately by Mr. Petrano and Ms. Day-Petrano arising from separate facts and cases, and it does not state in separate counts claims arising from separate occurrences.   Ordinarily, such a complaint would be stricken, but the United States Court of Appeals for the Eleventh Circuit has affirmed dismissal of such a complaint when leave to amend would be futile.   *See, e.g., B.L.E. ex rel. Jefferson v. Georgia*, 335 F. App'x 962, 963 (11th Cir. 2009); *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

In this case, I recommend that the Court find that granting Plaintiffs leave to amend would be futile.   Mr. Petrano has previously filed a complaint in *Petrano v. Polston*, Case No. 6:14-cv-700-Orl-36DAB, in which he raised ADA claims related to the operation of the Florida state courts. That case was transferred to the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 1406(a).   *Id.*, Doc. Nos. 3, 8, 9.   The case was subsequently dismissed. *Petrano v. Polston*, No. 4:14-cv-374-RH/CAS, 2015 U.S. Dist. LEXIS 111018 (N.D. Fla. Aug. 20, 2015)(hereinafter "*Polston*").

Many of the bases on which Mr. Petrano's case was dismissed by the Northern District of Florida apply equally in this case.   First, there is no individual liability for violation of Title II of the ADA.   *Polston*, 2015 U.S. Dist. LEXIS 111015, at *14 (N.D. Fla. July 3, 2015), *adopted by* 2015 U.S. Dist. LEXIS 111018 (N.D. Fla. Aug. 20, 2015) (citing *Edison v. Douberly*, 604 F.3d 1307, 1308 (11th Cir. 2010), and *Owens v. Sec'y, Fla. Dep't of Corrections*, 602 F. App'x 475, 478 (11th Cir. 2015)).

Second, the allegations of the complaint reflect that Mr. Petrano and Ms. Day-Petrano have raised their claims of violation of the ADA and related constitutional claims in state court proceedings.   *See, e.g.,* Doc. No. 1, at 16, 18, 27-28, 31-33.   The *Rooker-Feldman* doctrine precludes a loser in a state court from challenging a judgment entered in the state court "based on the losing party's claim that the state judgment itself violates the loser's federal rights."   *Polston*, 2015 U.S. Dist. LEXIS 111015, at *13 (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

Third, to the extent that Mr. Petrano is seeking relief from ongoing disciplinary proceedings, this Court should abstain from interfering with those proceedings under the *Younger v. Harris* abstention doctrine, 401 U.S. 37 (1971).   *Polston*, 2015 U.S. Dist. LEXIS 111015, at *17-18 (citing, *inter alia*, *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 429 (1982), and *Thompson v. Fla. Bar*, 526 F. Supp. 2d 1264, 1275 (S.D. Fla. 2007) (dismissing challenge to bar disciplinary proceedings pursuant to *Middlesex* and noting that "the Florida Supreme Court is able to hear and address any federal constitutional claims asserted by Mr. Thompson in the disciplinary proceedings if those claims have been unsuccessful before the referee, the grievance committee, or the Board of Governors.")).

As the court concluded in *Polston*, Mr. Petrano and Ms. Day-Petrano's avenue of redress for violations of their rights under the ADA in state court proceedings is to pursue appeals in the state courts and then to seek review with the United States Supreme Court.  *Polston*, 2015 U.S. Dist. LEXIS 111015, at *13.    It is not appropriate for Plaintiffs to file federal lawsuits in an effort to undermine the state court proceedings.

For these reasons, I recommend that the Court find that this case is due to be dismissed with prejudice.

## III.    RECOMMENDATION

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** this case with prejudice and **DIRECT** the Clerk of Court to terminate all pending motions and, thereafter, close the file.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on September 4, 2015.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy