UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DAVID F. PETRANO and MARY KATHERINE DAY-PETRANO,**

      **Plaintiff,**

v.                                                    **Case No: 6:15-cv-01046-Orl-41KRS**

**CHIEF JUSTICE JORGE LABARGA, et al.,**

      **Defendant.**

                                       /

**ORDER**

THIS CAUSE is before the Court on Plaintiffs David F. Petrano and Mary Katherine Day-Petrano's Applications to Proceed in District Court Without Prepaying Fees and Costs ("Motion to Proceed," Doc. Nos. 2, 3), which this Court construes as motions for leave to proceed *in forma pauperis*. On September 4, 2015, United States Magistrate Judge Karla R. Spaulding submitted a Report and Recommendation ("R&R," Doc. 4), in which she recommends that the Complaint (Doc. 1) be dismissed with prejudice. Plaintiffs objected to the R&R. (Objs., Doc. Nos. 5, 6). After an independent *de novo* review of the record, the R&R will be adopted in part and rejected in part.

**I.     LEGAL STANDARD**

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's report and recommendation concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per

curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. ANALYSIS

In the R&R, Judge Spaulding recommends that the Complaint be dismissed with prejudice on the following grounds: (1) the *Younger* doctrine; (2) the *Rooker-Feldman* doctrine; (3) Plaintiffs' failure to comply with the minimum pleading requirements; and (4) the proscription against individual liability under Title II of the Americans with Disabilities Act ("ADA"). (R&R at 5–7).

### A. The *Younger* Abstention Doctrine

With respect to any claims arising out of Mr. Petrano's disciplinary proceedings before the Florida Bar, the Court must abstain from entertaining Plaintiffs' claims pursuant to the *Younger* abstention doctrine. The *Younger* abstention doctrine enjoins federal courts from interfering with pending state proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Younger v. Harris*, 401 U.S. 37, 43–44 (1971). While *Younger* emanated from the context of state criminal proceedings, the Supreme Court has applied the *Younger* abstention doctrine "to bar a federal court from entertaining a lawyer's challenge to a . . . state ethics committee's pending investigation of the lawyer." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 593 (2013) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433–35 (1982)); *cf. Am. Civil Liberties Union v. Fla. Bar*, 999 F.2d 1486, 1493 n.15 (11th Cir. 1993) ("*Younger* applies to state disciplinary proceedings because they are 'judicial in nature.'" (quoting *Middlesex*, 457 U.S. at 433–34)). Furthermore, the Court should only abstain where—(1) the state proceeding "constitute[s] an ongoing state judicial proceeding"; (2) "the proceedings implicate important state interests"; and (3) "there [is] an adequate

opportunity in the state proceedings to raise constitutional challenges." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting *Middlesex*, 457 U.S. at 432).

As to the first prong, this case remains ongoing. When the R&R was issued in this case, Judge Spaulding appropriately recommended that the Court abstain from exercising jurisdiction over Plaintiffs' suit as Mr. Petrano's disciplinary proceedings were still ongoing in state court. However, the Court subsequently learned that the Florida Supreme Court disbarred Mr. Petrano from the practice of law in February 2016. Nevertheless, Mr. Petrano has now filed a petition for a writ of certiorari in the United States Supreme Court with respect to those proceedings. "A state's trial and appeals process is considered a unitary system, and *Younger* prevents a federal court from disrupting the process while a case is on appeal." *Redner v. Citrus Cty.*, 919 F.2d 646, 649 (11th Cir. 1990) (quotation omitted). Thus, the proceedings remain ongoing while Mr. Petrano's appeal is pending.

The first prong "also requires that the federal relief the plaintiffs seek would interfere with those proceedings." *31 Foster Children*, 329 F.3d at 1275. Plaintiffs request, among other forms of relief, that various Florida professional ethics rules, namely those under which Mr. Petrano was found guilty, be declared unconstitutional, an order enjoining the prosecution and implementation of discipline against Mr. Petrano, and that the Florida Bar's attorney discipline program be suspended. It should suffice to say that the grant of any such relief would substantially and directly interfere with the state court's proceedings.[1]

---

[1] Plaintiffs also appear to seek monetary damages. "If *Younger* abstention applies to a claim for monetary damages, the Supreme Court has concluded that a district court can only stay that claim if it cannot be redressed in the state proceeding, and it has no discretion to dismiss those claims." *Watson v. Fla. Judicial Qualifications Comm'n*, 618 F. App'x 487, 491 (11th Cir. 2015) (per curiam). Nevertheless, as noted in the R&R and this Order, Plaintiffs' Complaint is due to be dismissed in its entirety as an improper shotgun pleading. Thus, the Court declines to address the implications of any possible claims for monetary relief at this time.

The second factor is also satisfied. It requires that the state proceedings implicate "important state interests," which include "[p]roceedings necessary for the vindication of important state policies or for the functioning of the state judicial system." *Middlesex*, 457 U.S. at 432. Here, the Florida Bar proceedings involve "maintaining and assuring the professional conduct of the attorneys it licenses," *id.* at 434, which, according to the Supreme Court, is sufficiently important, *see id.*; *Thompson v. Fla. Bar*, 526 F. Supp. 2d 1264, 1275 (S.D. Fla. 2007); *cf. Fla. Bar v. Went For It, Inc.*, 515 U.S. 618, 625 (1995) ("[W]e have little trouble crediting the [Florida] Bar's interest [in regulating its attorneys] as substantial.").

Finally, Plaintiffs have not shown that there was not an adequate opportunity to raise their federal claims in the state proceedings. *See 31 Foster Children*, 329 F.3d at 1279 ("[T]he plaintiffs have the burden of establishing that the state proceedings do not provide an adequate remedy for their federal claims."). Although Plaintiffs make ample complaints about the accommodations that were provided by Defendants in the disciplinary proceedings, they have not demonstrated that they were procedurally prevented from raising their disability claims in those proceedings. *See Davis v. Self*, 547 F. App'x 927, 931 (11th Cir. 2013) (per curiam) ("[W]hether a claim would likely be successful on the merits in the state court is not what matters. Instead, what matters is whether the plaintiff is *procedurally* prevented from raising his constitutional claims in the state courts." (quotation omitted)). To the contrary, Plaintiffs allege in the Complaint that they did in fact raise issues concerning reasonable accommodation in the disciplinary proceedings. Accordingly, Plaintiffs have not shown a structural barrier to raising their claims in the state proceedings and the third prong is satisfied.

Although Mrs. Day-Petrano was not a party to the Florida Bar proceedings, "the mere fact that a plaintiff in a federal court action is not a party to the state proceeding which he asks a federal

court to enjoin is not a ground for rejecting [the] *Younger* abstention [doctrine]." *Kuhn v. Thompson*, 304 F. Supp. 2d 1313, 1325 (M.D. Ala. 2004); *see also News-Journal Corp. v. Foxman*, 939 F.2d 1499, 1511 (11th Cir. 1991) (applying the *Younger* abstention doctrine to a non-party to the state proceeding because granting the requested relief would interfere with the state proceeding). Specifically, Courts have recognized the use of the *Younger* abstention doctrine against third parties where that party's interests are substantially intertwined with the party to the state court proceeding, the requested relief would interfere with the state court proceeding, and the third party has not made a clear showing that its rights could not be vindicated in the state proceeding. *See Hicks v. Miranda*, 422 U.S. 332, 348–49 (1975). Here, Plaintiffs do not distinguish between their alleged injuries or the requested relief. Thus, their interests are aligned, and, for the reasons already stated, the relief Mrs. Day-Petrano seeks would interfere with the state proceedings. Additionally, as noted, Mrs. Day-Petrano has not met her burden of showing that she could not vindicate her rights in the state proceeding. Therefore, the *Younger* abstention doctrine is properly applied to her claims arising out of the disciplinary proceedings as well.

Accordingly, all claims arising out of the disciplinary proceedings currently pending against Mr. Petrano are barred by the *Younger* abstention doctrine and are properly dismissed.

    **B.**     **The *Rooker-Feldman* Doctrine**

The Court declines to adopt Judge Spaulding's findings with respect to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine prevents federal district courts from reviewing state court final judgments. *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam). However, the doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic*

*Indus. Corp.*, 544 U.S. 280, 284 (2005); *Nicholson v. Shafe*, 558 F.3d 1266, 1274 (11th Cir. 2009). Moreover, the party seeking relief in federal court must have had a reasonable opportunity to raise its federal claims in the state court proceeding. *Nicholson*, 558 F.3d at 1272.

Although the Complaint is less than clear, Plaintiffs do appear to allege injuries arising from state court proceedings other than the disciplinary proceedings against Mr. Petrano. In her Objection, Mrs. Petrano further delineates such proceedings and represents that those cases were pending at the time this case was filed. As noted, the *Rooker-Feldman* doctrine applies only to federal actions "filed after the state proceedings have ended." *Id.* at 1275. A cursory review of the state court dockets for those cases reveals that at least some of those cases do appear to have been pending at the time this lawsuit was filed. Although Judge Spaulding was without the benefit of such information, based on this additional information the Court is unable to determine at this time that the *Rooker-Feldman* doctrine can be properly applied to any of Plaintiffs' claims. Accordingly, the R&R's recommendation for dismissal on these grounds will be rejected.

    **C.**    **Pleading Requirements**

Under Rules 8 and 10 of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the [pleader's] claim," which must be set forth in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 8(a), 10(b); *see also Kabbaj v. Obama*, 568 F. App'x 875, 879 (11th Cir. 2014) (per curiam). In addition, each allegation within the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

As noted in the R&R, the Complaint falls woefully short of these minimum pleading requirements. The most glaring defect is the prolixity of the Complaint, as it consists of sixty-eight pages, eight counts, and nearly two-hundred paragraphs. (*See generally* Compl.). As currently

pleaded, the Complaint is a far cry from "simple, concise, and direct," or a "short and plain statement of the claim[s]" as mandated under Rule 8. Instead, it is replete with needless repetition, irrelevancies, and unsupported allegations that detract from Plaintiffs' attempt to state a viable claim. Moreover, even a cursory review of the Complaint reveals that each paragraph is not "limited as far as practicable to a single set of circumstances," as required under Rule 10(b).

Furthermore, while each count of the Complaint purports to identify the nature of the claim, the allegations contained within each count are largely incoherent and have little to do with the claim identified in the title. For instance, Count IV is labeled as a claim for "Retaliation in Violation of 42 U.S.C. § 12203 Against Defendant Trevor Rhodes." (Compl. at 57). However, aside from Plaintiffs' gratuitous use of the term "ADA," and their recitation of the ADA statute, Count IV is devoid of any allegations demonstrating that Trevor Rhodes retaliated against Plaintiffs in violation of the ADA. (*See id.* at 57–58).

The Complaint is also a shotgun pleading, in that it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four types of "shotgun" complaints). As a result, the Court is faced the onerous, and likely hopeless, task of sifting through the Complaint to determine which facts are relevant to each cause of action. The Eleventh Circuit has warned that when cases are not "pled clearly and precisely" in accordance with the requirements of Rules 8 and 10, "issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996).

Plaintiffs' objections to the R&R's findings with respect to the inadequacy of their Complaint are without merit. The federal pleading rules are based on an objective, not subjective, standard. To the extent Plaintiffs wish to proceed with this litigation, it is incumbent upon them to comply with at least the minimum pleading standards. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) ("[A]lthough [the courts] are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules." (quotation omitted)). Heeding the Eleventh Circuit's warning, the Court will adopt the R&R and will dismiss the Complaint. *See Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997) (explaining that shotgun complaints "are altogether unacceptable").

Nevertheless, because it is not entirely clear whether Plaintiffs can state a cause of action over which this Court would have jurisdiction, the Court will grant Plaintiffs leave to amend. To the extent Plaintiffs elect to amend, the amended pleading should, at a minimum, clearly allege who each Defendant is, how each specific Defendant allegedly violated Plaintiffs' rights, and precisely how Plaintiffs' rights were allegedly violated. Plaintiffs should also clearly specify which Defendant each claim is being brought against, and which Plaintiff is bringing the claim. Additionally, Plaintiffs should state each factual allegation only once and in sufficient detail to make its connection to this case clear. Any amended pleading must clearly delineate which factual allegations are relevant to each claim; the inclusion of unnecessary allegations concerning the basis of Plaintiffs' state law cases is wholly unnecessary. Plaintiffs should also clearly differentiate between the numerous lawsuits that have been filed. Finally, Plaintiffs should not make derogatory and disparaging remarks about any Defendant. Such elementary name calling and ad hominem attacks will not be tolerated.

    **D.**    **Other Considerations**

Although the Complaint is due to be dismissed based solely on the insufficiency of the pleadings, the Court would be remiss if it did not address several issues relating to its jurisdiction over Plaintiffs' claims.

### 1. *Individual Liability*

As Judge Spaulding correctly concluded, "Title II of the ADA does not permit individual capacity suits." *Smith v. Rainey*, 747 F. Supp. 2d 1327, 1340 (M.D. Fla. 2010); *see also Rylee v. Chapman*, 316 F. App'x 901, 905 (11th Cir. 2009) (per curiam) ("By its terms, the ADA only addresses discrimination by a 'public entity.'"); *Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005) (per curiam) ("[T]here is no individual capacity liability under Title II of the ADA." (citing *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001)). Therefore, Plaintiffs' Title II claims against Defendants in their individual capacities fail as a matter of law and are due to be dismissed with prejudice.

Plaintiffs' claims against several Defendants in their official capacities are also due to be dismissed, as they are duplicative of their claims against the public entity itself. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (per curiam) (approving dismissal of official capacity defendants whose presence was merely redundant to naming the institutional defendant); *see also Clifton v. Ga. Merit Sys.*, 478 F. Supp. 2d 1356, 1362 (N.D. Ga. 2007) (dismissing official capacity claims under the ADA where the employer was a named defendant). Defendants Justices Labarga, Polston, Pariente, Lewis, Quince, Canady, and Perry are all officers of the Florida Supreme Court, which is also named as a party to this lawsuit. Defendant Judge Groeb is an officer of the Eighth Judicial Circuit, which is also a named party. Additionally, Defendants Fisher and Arroyo are allegedly employed by Defendant, the Florida Bar. Thus, to the extent Plaintiffs purport

to bring claims against these individuals in their official capacities, the claims are redundant and due to be dismissed.

### 2. *Individual Immunity*

Insofar as there remain claims against any individual Defendants involved in the disciplinary proceedings, such claims are also subject to dismissal. Where, as here, members of a state bar were acting as agents of the Florida Supreme Court, they "enjoy[] immunity for actions taken during the course of their official duties." *Caffey v. Ala. Supreme Court*, 469 F. App'x 748, 752 (11th Cir. 2012) (per curiam) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam)). Here, Plaintiffs' allegations as to Defendants Judge Singeltary, Judge Groeb, Fisher, Arroyo, and Rhodes go to conduct undertaken during the course of their official duties. Thus, they are immune.

### 3. *Eleventh Amendment Immunity*

Defendants the Florida Bar, the Florida Supreme Court, and the circuit courts of Florida are instrumentalities of the State of Florida. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Eleventh Amendment immunity extends to "state agencies and other arms of the state," which includes "state courts and state bars." *Kaimowitz v. Fla. Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993) (per curiam) (quotation omitted).

There are "certain well-established exceptions to Eleventh Amendment immunity." *Ga. Dep't of Revenue v. Headrick* (*In re Burke*), 146 F.3d 1313, 1317 (11th Cir. 1998). Specifically, "a state may waive its Eleventh Amendment immunity" or "Congress can abrogate states' Eleventh Amendment immunity." *Id.* Florida has not waived its immunity from suit under Title II of the

ADA. However, the Supreme Court has held that "Title II [of the ADA] validly abrogates state sovereign immunity" to the extent that it "creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment." *United States v. Georgia*, 546 U.S. 151, 158–59 (2006). Simply put, whether Plaintiffs' claims are barred by Florida's immunity under the Eleventh Amendment will depend on whether Plaintiffs can adequately state a claim for a violation of their Fourteenth Amendment rights.

Here, Plaintiffs make several references to the Fourteenth Amendment throughout their Complaint; however, Plaintiffs completely fail to allege facts demonstrating that Defendants violated their constitutional rights. To the extent Plaintiffs file an amended pleading, Plaintiffs must plead sufficient facts so that the Court can properly assess whether any remaining Defendants are entitled to Eleventh Amendment immunity.

While the instructions given in this Order are not exhaustive, Plaintiffs are encouraged to give appropriate thought to the allegations within any amended pleading, and are required to conduct the necessary legal research before bringing a claim. If Plaintiffs file an amended pleading that fails to meet at least the minimum standards set forth by the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida, and this Order, the Court may dismiss the pleading without further leave to amend.

### III.   CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 4) is **ADOPTED in part** and made a part of this Order to the extent consistent with that stated herein. In all other respects, the R&R is **REJECTED** for the reasons stated herein.

2. Plaintiffs' Complaint (Doc. 1) is **DISMISSED without prejudice**.

3. Plaintiffs' claims against Defendants Jorge Labarga, Ricky Polston, Barbara J. Pariente, R. Fred Lewis, Peggy A. Quince, Charles T. Canady, James E.C. Perry, George Richard Singeltary, James K. Fisher, Maritza Arroyo, Robert P. Groeb, and Trevor T. Rhodes are **DISMISSED with prejudice**.

4. On or before **July 8, 2016**, Plaintiffs may file an amended complaint that is consistent with the directives in this Order, the Federal Rules of Civil Procedure, and the Local Rules of the Middle District of Florida. Failure to timely file an amended pleading may result in the closure of this case without further notice.

5. Plaintiffs' Applications to Proceed in District Court Without Prepaying Fees and Costs (Doc. Nos. 2, 3) are **DENIED as moot**. To the extent they elect to amend their pleading, Plaintiffs may also file renewed applications **on or before July 13, 2016**.

6. The Clerk is directed to terminate Defendants Jorge Labarga, Ricky Polston, Barbara J. Pariente, R. Fred Lewis, Peggy A. Quince, Charles T. Canady, James E.C. Perry, George Richard Singeltary, James K. Fisher, Maritza Arroyo, Robert P. Groeb, and Trevor T. Rhodes as parties in this case and to amend the case style accordingly.

**DONE** and **ORDERED** in Orlando, Florida on June 29, 2016.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties